## PETER FAKE *vs*. FRED ADDICKS.

### December 12, 1890.

Vicious Dog—Owner's Liability for Injuries—Notice of its Disposition.—In an action to recover damages for an injury caused by a vicious and dangerous domestic animal, owned and kept by the defendant, the *gravamen* is the neglect of the latter to restrain such animal after notice of its vicious propensity. The notice thereof must be such as to put a prudent man on his guard.

Same—Evidence to Prove Notice—Reputation.—Upon the question of notice in connection with other evidence tending to prove the same, and that other persons had been previously attacked or injured by the animal, it may be shown that the fact of its savage disposition or propensity was notorious in the neighborhood where the owner has kept it.

Same—Provocation—Stepping on Dog.—Where a person voluntarily provokes a vicious animal, and thus invites or induces the injury, knowing the consequences, he is not entitled to recover; but an accidental interference with him, (as where a person inadvertently steps upon a dog,) which interference or provocation arouses and becomes merely the occasion for the exhibition of such propensity, will constitute no defence.

Appeal by defendant from an order of the district court for Wright county, *Smith*, J., presiding, refusing a new trial after verdict of $175 for plaintiff.

*Eaton & Cutting*, for appellant.

*Wm. E. Culkin* and *J. T. Alley*, for respondent.

VANDERBURGH, J. The plaintiff was bitten and injured by a dog-alleged to be dangerous and accustomed to bite mankind, and kept and owned by defendant with knowledge of his vicious propensities. There was sufficient evidence to prove his vicious disposition, and that it was not safe to permit him to be at large. The testimony in plaintiff's behalf was sufficient to show that the dog had attacked and bitten, or attempted to bite, several persons before the injury complained of. There was also evidence enough to support the verdict that the defendant had notice sufficient to warn him of his duty to kill or confine the animal. The plaintiff's brother testifies that in 1887, before the mischief complained of, he was bitten by the dog, while

passing through defendant's yard, and that defendant saw it. Defendant had owned and kept this dog between two and three years. One of his own witnesses states that he "was cross, ugly, and vicious;" and there is evidence tending to show that he had, on several occasions, attacked persons in defendant's yard, or going past his house, to the knowledge of members of the family. Upon the question of *scienter*, evidence was also admitted of the general repute in the neighborhood of the vicious nature of the dog. If one keeps upon his premises a dog which has attacked or bitten a considerable number of persons coming upon or passing by them, and is notoriously cross and vicious, it may safely be assumed that the owner has some knowledge of the fact. The evidence of general repute is in such cases received, not to prove the particular fact of the dangerous propensity of the animal, but the public notoriety, and as tending to support the inference of knowledge, on the part of the owner, of such propensity; and for such purpose it was received in this instance, in connection with other evidence on the subject. The court was sufficiently guarded in its instructions to the jury on this branch of the case, and we think there was no error in permitting it to go to the jury. *Jones* v. *Perry*, 2 Esp. 482; 1 Greenl. Ev. § 101; *Meier* v. *Shrunk*, 79 Iowa, 17, (44 N. W. Rep. 209;) *Murray* v. *Young*, 12 Bush, 337; *Keenan* v. *Hayden*, 39 Wis. 558.

The *gravamen* of the action is the neglect of the owner of an animal, known by him to be vicious and liable to attack and injure people, to restrain him so as to prevent the risk of damage; and the notice of such propensity must be such as to put a prudent man on his guard.

At the time of the injury complained of, the plaintiff and defendant, who had his dog with him, were present on the premises of a neighbor, who was engaged in threshing his grain. In the afternoon the plaintiff got into a scuffle with a third party, and, while this was going on, the dog suddenly attacked him, biting and lacerating his leg severely. Plaintiff's testimony shows that the dog came up from behind and seized his leg without warning, and he denies that he provoked or stepped on him. One of defendant's witnesses testifies that he "heard the growl of the dog," and he looked

around, and saw that he had "grabbed" the plaintiff. The conduct of the dog and the severity of the injury show his malignant disposition. But another witness for the defendant swears that, while the parties were scuffling, the plaintiff "backed on the dog. The dog was lying down. He got up and bit him." There is no evidence in the case that the plaintiff knew the dog was lying there, or that, if he did tread on him, (which was a question for the jury,) the act was other than accidental. The defendant assigns as error the charge of the court on this subject, in which it is stated that it was immaterial in this case whether the plaintiff stepped on the dog or not. And so, under the evidence, we think it was. No case holds a contrary doctrine. It is true that in another part of the charge the court is less guarded, and states that the owner who "knowingly keeps a vicious dog is responsible for all the injuries he may do in that direction, whether he is provoked or not," but it is clear the court had in mind and referred to the facts as they appeared in this case. The charge was not, therefore, prejudicial, and besides the defendant's exception does not cover that portion of the charge, but only that part first referred to. In *Smith* v. *Pelah,* 2 Strange, 1264, the chief justice ruled "that if a dog has once bit a man, and the owner having notice thereof keeps the dog, and lets him go about or lie at his door, an action will lie against him at the suit of the person who is bit, though it happened by such person's treading on the dog's toes; for it was owing to his not hanging the dog on the first notice, and the safety of the king's subjects ought not afterwards to be endangered." Wood, Nuis. § 766; *Muller* v. *McKesson,* 73 N. Y. 195, 201. The cases cited by the defendant are to the point that where a person voluntarily and unnecessarily provokes a vicious animal, and thus invites or induces the injury, knowing the probable consequences, he is not entitled to recover. *Lynch* v. *McNally,* 73 N. Y. 347. Here there is no evidence that the plaintiff knew the dog was in his way. The case is not within the rule last referred to. The evidence is conflicting on the question whether plaintiff stepped on the dog at all, but, conceding it to be true, that portion of the charge excepted to was correct. Says Church, C. J., in *Muller* v. *McKesson, supra:* "If a person, with full knowledge of the evil propensities of an animal,

wantonly excites him or voluntarily and unnecessarily puts himself in the way of such an animal, he would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover. In such a case it cannot be said, in a legal sense, that the keeping of the animal, which is the *gravamen* of the offence, produced the injury; but, as the owner is held to a rigorous rule of liability on account of the danger to human life and limb by harboring and keeping such animals, it follows that he ought not to be relieved from it by slight negligence or want of ordinary care. To enable an owner of such an animal to interpose this defence, acts should be proved with notice of the character of the animal, which would establish that the person injured voluntarily brought the calamity upon himself." Plaintiff's inadvertence in "backing upon" or "treading upon" the dog was not such a case.

There are no other of the alleged errors, which seem to require particular consideration.

Order affirmed.