**Barbara BAILEY, a minor, By her father and natural guardian, James E. BAILEY, Appellant,**

v.

**Robert MORRIS, et al., Respondents.**

**No. 81–421.**

Supreme Court of Minnesota.

Aug. 31, 1982.

Hvass, Weisman & King and Frank J. Brixius, Minneapolis, for appellant.

Clarance E. Hagglund and Sally Holmgren, Minneapolis, for respondents.

OTIS, Justice.

Plaintiff, Barbara Bailey, a minor, sustained a cut on her forehead when a dog belonging to neighbors bit her. In this action against the owners, the jury found that the dog bit the plaintiff because it was provoked. Plaintiff appeals, contending that the issue of provocation should not have been submitted to the jury; that the wording of the special interrogatory was prejudicial; and that the damages awarded were inadequate. We affirm.

On March 6, 1977, Barbara Bailey was bitten by one of defendants' dogs at a time when defendants owned two dogs, each of which had recently given birth to a litter of puppies. Defendants were aware that the puppies were an attraction to the neighborhood children but made no attempt to stop them from visiting.

On the day of the incident a number of children came to the door of the Morris home and asked to see the puppies which were kept in the basement. Mrs. Morris testified that she warned the children before they went downstairs that "mother dogs are very nervous and you have to be careful with them when they are with their puppies."

According to two of the Morris children the dog, Tokar, was growling when Barbara approached her. Margaret Morris testified that she stated "Well, I guess we shouldn't see the puppies," and Mary Morris repeated

her mother's warning about the dog being nervous.

Appellant was bitten when she reached out to pet the dog and sustained a 4½ centimeter cut on her forehead. After the removal of stitches, which were required, a scar remained. On her doctor's advice appellant underwent cosmetic surgery to improve her appearance, one operation having been performed in February 1978, and another recommended. Plaintiff sued on a theory of strict liability under Minn.Stat. § 347.22 (1980). The trial court denied her motion for a directed verdict.

■ Minn.Stat. § 347.22 (1980) imposes liability on a dog owner when the dog, "without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be * *." We have held provocation to be an issue of fact properly submitted to the jury. *Mondry v. Maloney*, 289 Minn. 539, 185 N.W.2d 520 (1971).

Appellants argue that petting or playing with a dog cannot, as a matter of law, constitute provocation because provocation under the statute must be intentional. Courts in other jurisdictions with statutes similar to Minn.Stat. § 347.22 have held that provocation can include an unintentional act. *See, e.g., Nelson v. Lewis*, 36 Ill.App.3d 130, 344 N.E.2d 268 (1976).

In *Fake v. Addicks*, 45 Minn. 37, 47 N.W. 450 (1890), a common law action against the owner for injuries inflicted by a dog bite, the plaintiff engaged in a scuffle, stepped backward, and inadvertently stepped on the defendant's dog which bit him. Defendant claimed the dog had been provoked. We held that to constitute such a defense plaintiff's provocation must be voluntary, thus inviting or inducing the injury.

Here the jury could believe that appellant approached a growling dog and, despite warnings about the dog's nervous condition, attempted to pet it. This is not a case of inadvertently tripping on a dog or playing with the mother dog or her puppies and being bitten without warning. While we note that the unusually nervous condition

of a mother dog with puppies may have made it advisable for the owners to do more than warn the children, appellant made no attempt to show that owners have a special duty to keep children away, and the statute under which appellant sued has no such provision.

■ The dissent cites *Seim v. Garavalia*, 306 N.W.2d 806 (Minn.1981), for the proposition that in an action brought under a statute which imposes strict liability for specific injurious conduct the defense of comparative negligence is not available. With that concept we agree. *Lavalle v. Kaupp*, 240 Minn. 360, 61 N.W.2d 228, 40 A.L.R.2d 539 (1953). However, the issue in this case was not plaintiff's negligence but only whether there was provocation as set forth in the statute itself. That was a fact question, which was resolved by the jury's finding there *was* provocation when it answered in the affirmative the special verdict.

■ Appellant also claims as error the wording of the special interrogatory on the question of provocation submitted to the jury which read: "Did Tokar bite Barbara because the dog was provoked?" The statutory defense of provocation necessarily relates only to *plaintiff's* conduct with respect to the dog. However, we do not believe that the wording of the interrogatory in this instance was so prejudicial as to require reversal. The evidence supports a finding that the dog made no move to bite appellant until appellant stepped forward and stretched out her hand. The others who were standing a little behind Barbara had not moved forward because the dog was growling. Had the form of the special interrogatory been taken directly from the statute, as for example, "Did Tokar, without provocation on the part of Barbara, bite her?", there would perhaps have been greater assurance that the jury connected the provocation with appellant. However, the evidence included no other act of provocation. There was no claim of any different provocation, and the attorneys, as well as the court, limited the issue to Barbara's provocation.

We need not reach the third issue raised by appellant as to adequacy of damages.

The judgment of the trial court is affirmed.

TODD, Justice (dissenting).

I respectfully dissent. The trial in this case occurred before our decision in *Seim v. Garavalia*, 306 N.W.2d 806 (Minn.1981). The instructions of the trial court and the majority opinion are contrary to the holding of this court in the *Seim* case. In that case former Chief Justice Robert Sheran makes a thorough and comprehensive analysis of the dog bite statute. The opinion concludes that it is improper to submit the negligence of a minor plaintiff to the jury because the statute imposed absolute liability. In the *Seim* case the trial judge had directed a verdict on the issue of liability. In this case the trial judge not only refused to direct such a verdict, but submitted a special interrogatory to the jury. The form of the question improperly places in this case the issue of the minor's negligence. The majority opinion seeks to avoid this problem by focusing on the act of the minor child in attempting to pet the dog, finding it to be a provocative act, thus relieving the owner of absolute liability. This approach ignores the fact that in the *Seim* case we sustained a directed verdict on statutory liability which involved an act of petting the dog involved. I would hold in this case, as a matter of law, that the act of the minor child in offering to pet a dog is not a provocative act under the statute. I would reverse the trial court and remand for a new trial on all issues including damages.

YETKA, Justice (dissenting).

I join in the dissent of Justice Todd.

SCOTT, Justice (dissenting).

I agree with the dissent of Justice Todd.

WAHL, Justice (dissenting).

I must agree with Justice Todd that the petting of the dog by the child in this case was no more provocative than that in *Seim* and join in this dissent.