PAUL L. SMITH, a Minor, by Linda J. Smith, His Mother and Next Friend, *et al.*, Plaintiffs-Appellants, v. KATHY PITCHFORD, Defendant-Appellee.

Fifth District   No. 5—90—0622

Opinion filed September 18, 1991.

James H. Cooksey and David M. Foreman, both of Crain, Cooksey, Veltman & Miller, Ltd., of Centralia, for appellants.

Richard A. Cary and Janie F. Smith, both of Wham & Wham, of Centralia, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, Paul Smith, by Linda Smith, his mother and next friend, brought an action in the circuit court of Washington County to recover damages for personal injuries he sustained when he was bitten by a dog owned by Kathy Pitchford. The jury returned a verdict in favor of Pitchford and against plaintiff. Plaintiff's post-trial motion was denied, and he appeals. For the reasons which follow, we hold that the circuit court should have entered judgment notwithstanding the verdict in favor of the plaintiff on the question of liability and ordered a new trial on the issue of damages. We, therefore, reverse and remand with directions.

The evidence established that on April 15, 1987, plaintiff, Paul Smith, an eight-year-old child, was bitten by Kathy Pitchford's dog, Roscoe. Paul, along with an eight-year-old girl named Heather Neil, went to defendant's home to visit defendant's daughter sometime around 5 p.m. that day. Defendant's daughter, Kerry Pitchford, and Heather Neil were classmates and friends. Paul had been to the Pitchford home to play on a previous occasion.

With Paul walking and Heather riding her bike, the children approached the Pitchford home and saw Kathy Pitchford barbecuing out front on a partially enclosed patio. While still in the street the children called out to Mrs. Pitchford and asked if Kerry was home. Defendant told them that Kerry was not home and returned to her barbecuing.

Paul walked up the driveway towards the patio entrance until he was between a fence which partially enclosed the patio and a car parked in the driveway. At this time Paul was met by the defendant's dog, Roscoe. Paul stood with his back to the car, and Roscoe was positioned in front of him. Paul testified that he said, "Hi Roscoe," whom he had met on his prior visit, and began to pet the dog. After approximately 30 seconds Paul looked down at the dog at which time Roscoe jumped up and bit plaintiff in the face. During all these events Mrs. Pitchford remained on the patio, her view of Paul obstructed by the fence.

When she heard Heather's screams, Kathy Pitchford walked around the fence, and saw blood on Paul's face. Heather rode home for help, and Mrs. Pitchford sent Paul into the house, where she gave him a damp washcloth for his face. Both returned outside and were met by Paul's father, who had been notified by Heather.

Paul's father took him to the local emergency room. There the wounds were treated and stitched. Paul returned to the hospital a few days later due to swelling about the face and neck. To treat the infection the doctor removed the original stitches, drained the wounds, and restitched them. Plaintiff was left with some permanent facial scarring which may be partially remedied by surgery.

Plaintiff's claim is based on section 16 of the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366):

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."

■ Under this section there are four elements which must be proved by the plaintiff: (1) injury caused by an animal owned by the defendant; (2) lack of provocation; (3) peaceable conduct of the person injured; and (4) the presence of the injured person in a place where he has a legal right to be. *Robinson v. Meadows* (1990), 203 Ill. App. 3d 706, 710, 561 N.E.2d 111, 113.

■ There was no dispute at trial as to the first element. Defendant admits ownership of the dog and injury to plaintiff. As to the second and third elements, defendant offered no evidence. Plaintiff testified that upon encountering the dog he stopped, said "Hi Roscoe," and began to pet him. No evidence was offered to contradict or supplement this testimony. Mere presence on private property does not constitute provocation regardless of how the animal may interpret the visitor's movements. (*Messa v. Sullivan* (1965), 61 Ill. App. 2d 386, 209 N.E.2d 872.) Provocation cannot be said to exist within the meaning of section 16 of the Animal Control Act (Ill. Rev. Stat. 1985, ch. 8, par. 366) where such unintentional stimuli as greeting or petting a dog result in the dog attacking the plaintiff viciously and the attack is "out of all proportion to the unintentional acts involved." (*Robinson v. Meadows* (1990), 203 Ill. App. 3d 706, 713, 561 N.E.2d 111, 115.) All evidence presented indicated that plaintiff's conduct was peaceable and involved no provocation within the meaning of the statute. Paul's testimony was corroborated in all relevant aspects by the testimony of Heather

Neil, and there were no inconsistencies between the testimony of Kathy Pitchford and that of Paul. It is the function of a jury to weigh the conflicts and inconsistencies of testimony presented in determining the credibility and weight to be given such testimony. Where, however, the testimony of a witness is neither contradicted, either by positive testimony or by circumstances, nor inherently improbable, and the witness has not been impeached, that testimony cannot be disregarded even by a jury. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 430 N.E.2d 1126.) This is just such a case. Paul's testimony was not contradicted in any relevant aspect nor was it inherently improbable. As such the jury, contrary to arguments by the defense, was not at liberty to reject the unimpeached testimony of plaintiff on the issues of provocation and peaceable conduct.

The fourth and final element concerned the lawful presence of the injured party. There is no debate as to the location of the plaintiff on the driveway of the defendant at the time of the injury; thus, there is no factual dispute. It has been held:

> "An owner of property who provides a path or walk from the public way to his door, without some indication (sign, posting of notice or words) warning away those who seek lawful business with him extends a license to use the path or walk during the ordinary hours of the day. Persons who thus make use of the path or walk are licensees." (*Dobrin v. Stebbins* (1970), 122 Ill. App. 2d 387, 389-90, 259 N.E.2d 405, 407.)

The record indicates that the driveway was the sole means of access to the door of the house from the public way. There were no signs or notices posted, and defendant testified that she gave the plaintiff no words of warning. Paul's uncontradicted and unimpeached testimony indicated that he entered the defendant's property by means of the driveway for purposes of a social visit. However unusual this may seem for an eight year old, it is not inherently improbable and the jury was not free to disregard it. Plaintiff was clearly in a place where he had a legal right to be at the time of the injury.

The record establishes that the evidence, when viewed in its aspect most favorable to the defendant, so overwhelmingly favors the plaintiff that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) We hold that the circuit court erred in denying plaintiff's motion for a judgment notwithstanding the verdict on the issue of liability. *Robinson v. Meadows* (1990), 203 Ill. App. 3d 706, 561 N.E.2d 111.

The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment notwithstanding the verdict in favor of plaintiff on the issue of liability and to grant plaintiff a new trial on the issue of damages.

Reversed and remanded with directions.

HOWERTON and GOLDENHERSH, JJ., concur.