DANIEL VONBEHREN *et al.*, Indiv. and as Parents and Next Friends of Benjamin VonBehren, a Minor, Plaintiffs-Appellants, v. EDWARD BRADLEY *et al.*, Defendants-Appellees.

Fourth District   No. 4—94—0131

Argued August 16, 1994.—Opinion filed September 23, 1994.—Rehearing denied October 26, 1994.

Glenn Muller (argued), of Lawrence E. Johnson & Associates, P.C., of Champaign, for appellants.

David E. Krchak (argued), of Thomas, Mamer & Haughey, of Champaign, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiffs filed a complaint for injuries sustained by the minor plaintiff caused by a bite from a dog owned by defendants, alleging theories of common law negligence and liability pursuant to the Animal Control Act (Act) (Ill. Rev. Stat. 1991, ch. 8, par. 351 *et seq*). Plaintiffs appeal from the judgment entered on a directed verdict in favor of defendants at the close of plaintiffs' case and denial of their motion for a new trial.

The plaintiffs and the defendants occupy neighboring residences in a rural area of Champaign County. Defendant Diane Bradley had previously done some baby-sitting of the plaintiffs' children in her home. In August 1989 the plaintiffs, Benjamin VonBehren, then two years old, and his mother arrived unannounced at the defendants' home while both defendants were at work. They were invited in by the defendants' 16-year-old daughter, who was baby-sitting her nine-year-old brother, Andy. Andy and Benjamin went unattended into the backyard to play. At some point Benjamin saw that defendants' dog, a Labrador retriever, had a bird in its mouth. Benjamin testified he hit the dog several times to get the bird out of its mouth. Andy testified that Benjamin pulled the dog's tail and ears, and attempted to pull the bird from its mouth. The dog then bit Benjamin in the face, causing severe lacerations. Evidence was introduced at trial that the dog ran at large and barked at everyone who approached the premises, that he had previously nipped Andy and a boy from Sadorus, and had torn Daniel VonBehren's pant leg.

Plaintiffs filed a complaint in four counts—two common law counts alleging that defendants knew the dog had bitten or acted aggressively toward human beings and that defendants had a duty to exercise reasonable care for the safety of Benjamin, and two counts

based on section 16 of the Act (Ill. Rev. Stat. 1991, ch. 8, par. 366). At the conclusion of plaintiffs' evidence, the court granted a directed verdict in favor of defendants. As to the common law counts, the court found that while the minor and his mother were lawfully on the premises, as a matter of law plaintiffs had failed to sustain their burden of showing the defendants could have foreseen that Benjamin would be on the premises unattended and interfere with and strike the dog when it was chewing on a bird. As to the statutory counts, the court found plaintiffs had failed to show Benjamin had not provoked the dog and that provocation within the meaning of the Act had occurred. The court subsequently denied plaintiffs' motion for reconsideration and a new trial.

Plaintiffs allege the court erred by (1) concluding foreseeability was an element of plaintiffs' common law claim because an owner with knowledge of his dog's aggressive or vicious tendencies is strictly liable for injuries caused by the dog regardless of a lack of foreseeability or provocation; and (2) finding the minor's provocation of the dog defeated the statutory claim. We affirm.

The standard of review of directed verdicts is whether all of the evidence, when viewed in the light most favorable to the plaintiffs, so overwhelmingly favors the defendants that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 504, 229 N.E.2d 504, 510.) Plaintiffs argue that any element of foreseeability relates only to the likelihood the dog will injure other persons once proof of a known vicious disposition or prior attacks on humans is established and does not apply to the attendant circumstances of a subsequent injury. We agree.

No case cited to us or disclosed by our independent research holds that the circumstances of an attack on humans by a dog of known vicious propensities must in addition be shown to be foreseeable. The cases cited by defendants are inapposite as they relate to the foreseeability attendant to premises liability cases. See *Whitcanock v. Nelson* (1980), 81 Ill. App. 3d 186, 400 N.E.2d 998 (a 2½-year-old girl was injured when she entered the fenced enclosure of a horse); *Englund v. Englund* (1993), 246 Ill. App. 3d 468, 615 N.E.2d 861 (a three year old drowned in a relative's swimming pool).

■ Plaintiffs point to *Klatz v. Pfeffer* (1928), 333 Ill. 90, 94-95, 164 N.E. 224, 226, in support of their view that a dog's known propensity to attack humans will impose strict liability on the owner for any injuries caused by the dog. However, the *Klatz* court does not link the owner's knowledge of his dog's prior attacks to strict liability for all injuries later caused by it, but instead to the assumption of a duty to control the animal, breach of which duty may then subject the

owner to strict liability. (*Klatz*, 333 Ill. at 94-95, 164 N.E. at 226.) However, implicit in the acts giving rise to a duty to control is the proviso that any prior attacks or attempted attacks by the dog occurred "without provocation." (*Klatz*, 333 Ill. at 97, 164 N.E. at 227.) This is the genesis of the so-called "one-bite" rule. Logically, if the acts giving rise to the assumption of a duty on the part of the dog owner must be based on unprovoked attacks by the dog, the imposition of liability for any subsequent attack must similarly be contingent upon the absence of provocation by the victim. That this has long been the prevailing view is evidenced in *Keightlinger v. Egan* (1872), 65 Ill. 235, 238, where the court held that if the plaintiff had wantonly irritated and aggravated the dog, which then bit him to repel an assault, the plaintiff could not recover for damages caused by his own wrong. Accord *Chicago & Alton R.R. Co. v. Kuckkuck* (1902), 197 Ill. 304, 309-10, 64 N.E. 358, 359 (a complete defense exists if the victim brings the injury upon himself by his own conduct).

Plaintiffs contend that any evidence of provocation by the victim is a jury question constituting contributory negligence and should not have been decided by a directed verdict at the close of the plaintiffs' case. Plaintiffs point out that any contributory negligence based on the acts or omissions of Benjamin's mother would relate only to the parents' claim and cannot be imputed to the child (*Rahn v. Beurskens* (1966), 66 Ill. App. 2d 423, 430, 213 N.E.2d 301, 305), and a child under the age of seven is conclusively presumed incapable of contributory negligence (*Mort v. Walter* (1983), 98 Ill. 2d 391, 395, 457 N.E.2d 18, 20-21).

■ We do not agree with plaintiffs' assertion that provocation is the equivalent of contributory negligence. Each presents a separate origin of causation and is defined differently. Provocation is defined as follows:

> "The act of inciting another to do a particular deed. That which arouses, moves, calls forth, causes, or occasions. Such conduct or actions on the part of one person towards another as tend to arouse rage, resentment, or fury in the latter against the former, and thereby cause him to do some illegal act against or in relation to the person offering the provocation." (Black's Law Dictionary 1103 (5th ed. 1979).)

Contributory negligence is defined as:

> "Conduct for which plaintiff is responsible amounting to a breach of duty which law imposes on persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to injury complained of as a proximate cause." Black's Law Dictionary 931 (5th ed. 1979).

■ Provocation instigates or initiates the acts resulting in harm; in contrast, contributory negligence, by its terms, combines with the actionable negligence of defendant. In this case, Benjamin's acts instigated the response of the dog and neither combined with nor contributed to any negligent act of defendants. We hold that a dog owner has no common law duty to control the dog's response to acts of provocation directed toward it. Since provocation is measured solely from the perspective of the animal (*Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 344 N.E.2d 268), the evidence shows the striking of the dog and Benjamin's attempts to remove the bird from its mouth constituted provocation and not contributory negligence. Under the circumstances here presented, no breach of duty by defendants occurred, and no verdict favorable to plaintiffs could ever stand.

■ Plaintiffs also based their complaint on section 16 of the Animal Control Act (Ill. Rev. Stat. 1989, ch. 8, par. 366):

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."

Pursuant to this statute plaintiffs were required to prove: (1) injury caused by the dog owned by defendants; (2) lack of provocation; (3) peaceable conduct of the person injured; and (4) the presence of the injured person in a place he has a legal right to be. *Smith v. Pitchford* (1991), 219 Ill. App. 3d 152, 154, 579 N.E.2d 24, 26.

■ Plaintiffs argue that a jury could have determined that Benjamin's acts did not constitute provocation but merely an attempt to prevent or interrupt an ongoing attack on the bird. Plaintiffs liken this case to *Steichman v. Hurst* (1971), 2 Ill. App. 3d 415, 418-19, 275 N.E.2d 679, 681, wherein it was held that the use of a repellent spray on an attacking dog by a mail carrier was not provocation but a reasonable measure for self-protection. The case is distinguishable on its facts. In *Steichman*, the victim acted to ward off an assault directed against herself; in this case, the victim was attempting to retrieve from the dog's mouth a bird it was chewing, and the child's acts in striking the dog and/or pulling its tail and ears were not directed to self-defense.

■ Defendants compare this case to *Nelson* (36 Ill. App. 3d 130, 344 N.E.2d 268), where the court held that a 2¹/₂ year old's unintentional fall on a dog's tail while it was chewing a bone was a provoking act and neither the child's unintended acts nor her tender years relieved her from responsibility for provocation. *Nelson*, 36 Ill. App. 3d at 133, 344 N.E.2d at 272.

In this case, while Benjamin was too immature to appreciate the seriousness of his acts, we find that provocation within the meaning of the Act occurred as a matter of law.

Plaintiffs last argue that even if Benjamin's acts are seen as provocation, the response of the dog was out of all proportion to the attack and as a matter of law no provocation can be deemed to have existed. In *Robinson v. Meadows* (1990), 203 Ill. App. 3d 706, 561 N.E.2d 111, a three year old and her mother were visiting at the home of the defendants when the defendants' two dogs ran barking to the front door in response to someone's approach. When the child screamed in fright, one of the dogs responded by viciously attacking her. The court held that while the child's scream clearly triggered the attack by the dog, the scream was not sufficient to account for the savagery of the dog's assault or to amount to provocation. (*Robinson*, 203 Ill. App. 3d at 713, 561 N.E.2d at 116.) In this case, the child struck the dog several times, pulled its tail and ears, and attempted to retrieve a bird it was chewing on. There is no evidence that Benjamin's injuries, while serious, resulted from more than one bite by the dog and were not disproportionate to the provoking acts.

While the circuit court erred in concluding the circumstances surrounding Benjamin's injuries were not foreseeable and foreseeability was an element of plaintiffs' *prima facie* case, we may sustain a judgment upon any ground supported by the record, regardless of whether it was relied upon by the trial court and regardless of whether the reason given by the trial court was correct. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12.

The judgment of the circuit court is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.