MARY KIRKHAM, Plaintiff-Appellant, v. RON WILL *et al.*, Defendants-Appellees.

Fifth District    No. 5—99—0019

Opinion filed February 16, 2000.

Fred Johnson and David Stevens, both of Heller, Holmes & Associates, P.C., of Mattoon, for appellant.

Gregory C. Ray and Kristine M. Tuttle, both of Craig & Craig, of Mattoon, for appellees.

JUSTICE MAAG delivered the opinion of the court:

The plaintiff, Mary Kirkham, filed a complaint on November 7, 1996, against the defendants, Ron and Jody Will. Specifically, plaintiff claimed that on May 3, 1995, she was attacked and bitten by defendants' dog while she was lawfully on defendants' premises to purchase asparagus from Jody Will's mother, Evelyn Having, who lived next door to defendants. Plaintiff alleged that she was peacefully conducting herself when the attack occurred and that defendants' dog also caused her to trip and fall during the attack. Plaintiff claimed that as a direct and proximate result of the dog's bite and the fall, her ankle was fractured, which required her to have surgery and be hospitalized. Plaintiff prayed for damages pursuant to the Animal Control Act (510 ILCS 5/16 (West 1994)), which states as follows:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."

On December 4, 1995, defendants filed an answer to plaintiff's complaint. Defendants denied liability. On January 17, 1997, defendants filed a motion for summary judgment, claiming that

plaintiff was not lawfully on the premises at the time of the alleged attack because her blood-alcohol level was in excess of 0.10. Defendants also claimed that since plaintiff did not have permission to be on their property and because she did not intend to be on defendants' property, she was trespassing. Subsequent to plaintiff's response and affidavit being filed, several motions to strike were also filed. Ultimately, the circuit court granted defendants' motion for summary judgment.

Plaintiff filed a notice of appeal on July 7, 1997. This court reversed the circuit court's order granting defendants' motion for summary judgment because a material issue of fact remained unresolved. *Kirkham v. Will*, 294 Ill. App. 3d 1129 (1998) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). In the prior appeal, the record showed that plaintiff was picking up the asparagus for Linda Shafer, Having's daughter and Jody Will's sister. Shafer told plaintiff that the asparagus would be in the gas grill and that plaintiff should take the asparagus and replace it with a $10 bill. The gas grill was located at the back of Having's house, and Having knew that plaintiff was coming. Having shared a driveway with defendants, and their homes were adjacent to one another. The driveway was continuous; one end of it entered on Having's property and the other end of it entered on defendants' property. Plaintiff entered the driveway on defendants' property. Because the driveway was blocked by a parked truck, plaintiff exited her car, intending to walk to the gas grill to retrieve the asparagus. As she was walking up the driveway on defendants' property toward Having's house, plaintiff was attacked by defendants' dog. This court determined that plaintiff presented evidence that she entered defendants' property during daylight hours and for a lawful purpose, that is, to purchase asparagus from Having, who lived next door to and shared a driveway with defendants. Plaintiff presented evidence that she had used the driveway in the past to access Having's home, that she had been observed doing so by defendant Jody, and that defendants never objected. The driveway that plaintiff used, although partially on defendants' property, also led directly to Having's home and, according to plaintiff, was used by others to reach Having's home. Defendants presented no evidence to the contrary. Defendants attempted to escape liability by claiming that since plaintiff's blood-alcohol level was above 0.10 at the time of the attack, she was not lawfully on the premises. This court held, however, that the Animal Control Act does not require that the plaintiff lawfully *arrive* at the place where she is injured. The Animal Control Act requires that the plaintiff lawfully *be* at that place. We determined that plaintiff presented evidence that she was using defendants' driveway during daylight hours, for a lawful purpose. The driveway

provided access from a public way to Having's property. There was no evidence of any notice or warning to stay off defendants' property, nor was there any evidence that plaintiff committed any unlawful act upon defendants' property or caused any damage to defendants' property. We therefore reversed the summary judgment in favor of defendants and remanded this case for further proceedings.

A jury trial was held on November 2 and 4, 1998. The jury returned a verdict in favor of defendants, and the court entered judgment on the verdict. Plaintiff filed a posttrial motion on November 12, 1998. On December 22, 1998, plaintiff's posttrial motion was denied. Plaintiff filed a timely notice of appeal on January 6, 1999.

Plaintiff claims on appeal that the circuit court erred in instructing the jury on defendants' liability. More specifically, plaintiff claims that the circuit court erred in failing to use the tendered pattern jury instruction (Illinois Pattern Jury Instructions, Civil, No. 110.04 (3d ed. 1995) (IPI Civil 3d)), because the tendered instruction accurately stated the law in Illinois. Plaintiff claims that since the circuit court refused to use that instruction, this court must reverse the judgment of the circuit court and remand this case for a new trial.

The instruction at issue reads as follows:

"At the time of this occurrence there was in force in the State of Illinois a statute governing the responsibility of one owning, keeping or harboring a dog or other animal. That statute provides that [the owner of an animal] [a person keeping an animal] [a person harboring an animal] is liable in damages for injuries sustained from any attack or injury by the animal on a person peacefully conducting himself in a place where he may lawfully be [unless that person knew of the presence of an animal and did something a reasonable person should have known would be likely to provoke an animal to attack or injure him] [unless that person knew of the presence of an animal and the unusual and dangerous nature of that animal and did something a reasonable person should have known would be likely to provoke an attack or injury by that animal]." IPI Civil 3d No. 110.04.

As his proposed instruction number 9, plaintiff's counsel tendered a modified version of IPI Civil 3d No. 110.04 that omitted the bracketed material on provocation. Defense counsel first argued that the bracketed language on provocation should be included, and plaintiff's counsel agreed. After reviewing the IPI instruction more thoroughly, however, defense counsel argued that the IPI instruction was not an accurate statement of the law, even with the bracketed material, and that the IPI instruction should not be given. The circuit court agreed and refused the IPI instruction.

The instruction that was given, defendants' instruction number 7, reads as follows:

"At the time of this occurrence there was in force in the State of Illinois a statute governing the responsibility of one owning a dog. That statute provides that the owner of a dog is liable in damages for injuries sustained from any attack by the dog on a person who did not provoke the animal and who was peaceably conducting himself in a place where he may lawfully be." ·

■ Pursuant to Supreme Court Rule 239 (177 Ill. 2d R. 239), "Whenever Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the IPI instruction shall be used, *unless the court determines that it does not accurately state the law.*" (Emphasis added.) "The decision whether to give a non-IPI instruction is within the discretion of the trial court[ ] and will not be reversed absent a showing of abuse of discretion." *People v. Hudson*, 157 Ill. 2d 401, 446, 626 N.E.2d 161, 180 (1993).

■ The real question is whether the IPI instruction in this case accurately states the law in the State of Illinois. A review of the following decisions makes it clear that the language contained within the first bracket of the IPI instruction concerning provocation inaccurately states the law. The circuit court correctly refused the IPI instruction. The IPI instruction takes the view of a reasonable person. The courts have consistently pointed out that it is not the view of the person provoking the dog that must be considered, but rather it is the reasonableness of the dog's response to the action in question that actually determines whether provocation exists.

In *Nelson v. Lewis*, 36 Ill. App. 3d 130, 131, 344 N.E.2d 268, 270 (1976), the court defined provocation as "an act or process of provoking, stimulation[,] or incitement." In *Nelson*, the 2½-year-old plaintiff accidentally stepped or fell on the tail of a dog that was chewing a bone. The dog reacted by scratching the plaintiff's eye. This court held that the case did not involve a vicious attack that was out of proportion to the unintentional acts involved and that provocation existed. The *Nelson* court concluded that an unintentional act can constitute provocation within the plain meaning of the statute. 36 Ill. App. 3d at 131, 344 N.E.2d at 270-71. Provocation in this case was considered from the perspective of the "normal" dog, since it does not matter whether the acts that caused the provocation were unintentional or intentional.

In *Stehl v. Dose*, 83 Ill. App. 3d 440, 403 N.E.2d 1301 (1980), the plaintiff was attacked by the defendant's 100-pound German shep-

herd, which the defendant kept tied on a 25-foot chain. The defendant wanted to get rid of the dog because he was afraid that his young son might get within the dog's reach. When the plaintiff heard about the defendant's dog, he offered to take the dog. The plaintiff was familiar with German shepherds and had been around them his whole life. The defendant's hired man, George, told the plaintiff that he could pick the dog up in the afternoon. The plaintiff brought a bag of food scraps for the dog and took the bag to a point three to four feet inside the perimeter of his chain. After petting and talking to the dog, the plaintiff turned his head to go find a rope and the dog attacked, sinking his fangs into the plaintiff's right forearm. The plaintiff had to endure extensive medical treatment. The jury returned a verdict in favor of the defendant. On appeal, this court stated that the issue in the case was whether it was provocation for the plaintiff, acting in a peaceable manner, to cross the perimeter of the dog's chain. The court also focused on the fact that the plaintiff entered the territory that the dog was protecting and remained within the dog's reach while he was eating. Because the court determined that the answer to the question was for the jury to determine, it could not find that the verdict was contrary to the manifest weight of the evidence. The court did state, however, that the question of what conduct constitutes provocation is primarily a question of whether the plaintiff's actions would be provocative *to the dog*. Thus, the court determined that neither the fact that the plaintiff had the owner's permission to approach the dog nor the fact that the plaintiff was conducting himself in a manner approved by the hired hand was a matter bearing on the issue of provocation. *Stehl*, 83 Ill. App. 3d at 443, 403 N.E.2d at 1303.

In *Robinson v. Meadows*, 203 Ill. App. 3d 706, 713, 561 N.E.2d 111, 115 (1990), the four-year-old plaintiff began screaming when the defendant's dog began barking. The dog responded by attacking the plaintiff viciously, tearing her lip and inflicting puncture wounds and scratches on her face, neck, and throat. This court determined that, while the plaintiff's scream triggered the dog's attack on her, that scream could not be regarded "under any reasonable standard" as having been sufficient to account for the savagery of the dog's assault. Thus, no provocation existed. The court, in making this statement, appears to suggest that the dog reacted in an unreasonable manner to the child's screams.

In *Smith v. Pitchford*, 219 Ill. App. 3d 152, 579 N.E.2d 24 (1991), the eight-year-old plaintiff approached the defendant's home with another friend. They called out to the defendant and asked if her daughter, whom they had played with at the defendant's home on prior occasions, was home. The defendant's dog approached the plaintiff. The

plaintiff said, "Hi Roscoe." The plaintiff had met the dog on a prior occasion. After petting the dog for approximately 30 seconds, the plaintiff looked down at the dog, at which time the dog jumped up and bit the plaintiff in the face. The *Smith* court stated that mere presence on private property does not constitute provocation regardless of how the animal might interpret the visitor's movements. "Provocation cannot be said to exist within the meaning of section 16 of the Animal Control Act [citation] where such unintentional stimuli as greeting or petting a dog result in the dog attacking the plaintiff viciously and the attack is 'out of all proportion to the unintentional acts involved.'" *Smith*, 219 Ill. App. 3d at 154, 579 N.E.2d at 26, quoting *Robinson v. Meadows*, 203 Ill. App. 3d 706, 713, 561 N.E.2d 111, 115 (1990). The *Smith* court is setting forth a "reasonable dog" standard. In other words, a "normal" dog would not be provoked by one's mere presence on private property. See *Smith*, 219 Ill. App. 3d at 154, 579 N.E.2d at 26.

In *Wade v. Rich*, 249 Ill. App. 3d 581, 618 N.E.2d 1314 (1993), the 18-month-old plaintiff accidentally fell onto the middle of a dog that was sleeping in the sun. The dog responded by repeatedly biting the plaintiff on and about the head and face, resulting in seven lacerations, the largest one being four to five inches long. The plaintiff required a total of 23 stitches. The *Wade* court noted that where the acts that stimulated or excited the dog were unintentional, no provocation can be said to exist within the meaning of the statute if the acts cause the dog to attack the plaintiff viciously and the vicious attack is out of all proportion to the unintentional acts involved. Again, it appears that the court is looking at how a "normal" dog would react to someone falling on it while it is sleeping. If the dog's attack is out of proportion to the unintentional acts, no provocation exists. See *Wade*, 249 Ill. App. 3d at 589, 618 N.E.2d at 1320.

In *VonBehren v. Bradley*, 266 Ill. App. 3d 446, 640 N.E.2d 664 (1994), the two-year-old plaintiff pulled the dog's tail and ears and hit the dog several times in order to get a bird out of its mouth. The dog bit the plaintiff in the face. This court held that a dog owner has no common law duty to control the dog's response to acts of provocation directed toward it. The court stated that since provocation is measured solely from the perspective of the *animal*, the evidence showed that the striking of the dog and the plaintiff's attempts to remove the bird from its mouth constituted provocation and not contributory negligence. Hence, no breach of the defendant's duty occurred. *VonBehren*, 266 Ill. App. 3d at 450, 640 N.E.2d at 667.

These cases demonstrate that previous courts have focused on provocation from the perspective of the animal. The cases tend to

focus on how an average dog, neither unusually aggressive nor unusually docile, would react to an alleged act of provocation. Hence, we believe that the trial court correctly refused the IPI instruction tendered by plaintiff. With respect to the language in the second bracket, we express no view. This case does not involve an animal known to have an "unusual and dangerous nature."

We further believe that the court did not abuse its discretion by giving defendants' tendered instruction number 7 instead. Defendants' instruction number 7 is a correct statement of the law. However, it is incomplete because it fails to define provocation. This deficiency was remedied, as we will explain, when later the court further instructed the jury in response to an inquiry.

Next, plaintiff claims that the circuit court erred in defining the term "provocation" for the jury using a "reasonable dog" standard and that this court must reverse the judgment of the circuit court and remand this cause for a new trial.

■ During deliberations, the jury returned a note to the circuit judge. The note read as follows: "We need a definition of Provoke. Need a legal definition. Foremen [*sic*]." The circuit judge returned a note to the jurors that read as follows: "When I use the phrase [']to provoke['] or the word [']provocation,['] I mean any action or activity, whether intentional or unintentional, which would be reasonably expected to cause a normal dog in similar circumstances to react in a manner similar to that shown by the evidence." This definition is accurate in light of our prior analysis. We note that the definition takes into account what a person would "reasonably expect," and it also takes into account how a normal dog would react in similar circumstances. We believe that in future cases of this type, this definition of provocation should be given as part of the instructions to the jury. Once again we must emphasize that we are expressing no view on what instruction is proper when the case involves an animal known to have an unusual and dangerous nature.

■ Plaintiff also argues on appeal that the instruction was an inaccurate statement of the law because it did not include a reference to liability for a dog that "injures" a person but only referred to liability for a dog that "attacks" a person.

A review of the complaint in the instant case shows that in paragraph 5 plaintiff alleged that "the dog of the Defendants *attacked* the Plaintiff without provocation, bit her[,] and caused her to trip and fall." (Emphasis added.) Plaintiff even testified at trial, "I took about two steps and the dog *attacked*." (Emphasis added.) Hence, the instruction was consistent with the pleadings and the testimony given at trial. In an appropriate case, the word "injure" may be substituted for the word "attack" if the facts justify the use of that term.

Plaintiff also claims that the circuit court erred in refusing to allow testimony regarding the demeanor of the dog, its propensity to attack, and the consistency of the puncture marks with those left by a dog.

The circuit court initially granted, in part, defendants' first motion *in limine* barring Dan Overbeck's testimony regarding the appearance of the puncture wounds on Mary's leg and the demeanor and disposition of the dog. Plaintiff's counsel made an offer of proof that established that Overbeck was familiar with the dog as of the date of the occurrence. Overbeck stated that he was afraid of the dog due to its aggressive behavior. He admitted, however, that he was, in general, fearful of dogs "more so than the average person." Overbeck believed that the dog was likely to bite someone. He agreed that the puncture wounds on Mary's ankle were consistent with the marks that would be left by a dog; however, he also agreed that the wounds were consistent with a puncture that could occur from a small branch or twig being stuck in the side of one's ankle. Overbeck agreed on redirect examination during the offer of proof that his opinion was not based solely on his fear of dogs but was based upon a comparison of this dog to other dogs in general.

Evidence should be admitted if it is material or relevant. See *Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94, 108, 634 N.E.2d 448, 459 (1994). The determination of what is relevant is a matter within the sound discretion of the trial court, and that court's determination will not be disturbed on review absent an abuse of that discretion. See *Hartman v. Pittsburgh Corning Corp.*, 261 Ill. App. 3d 706, 723, 634 N.E.2d 1133, 1145 (1994).

A review of the record shows that plaintiff failed to present any evidence that Overbeck had adequate experience in observing dog bites in order for him to give him an objective basis for determining that the puncture wounds on plaintiff's leg were consistent with a dog bite. Moreover, we note that Overbeck's testimony that the puncture wounds on plaintiff's leg were consistent with a dog bite would have been cumulative to Dr. Timothy Gray's reading of plaintiff's medical history, which stated that plaintiff "was bitten by a dog on the left ankle." We find no abuse of discretion in the court's ruling. Any error was harmless at most.

We note parenthetically that plaintiff claims that the circuit court abused its discretion in failing to rule on the offer of proof. Although we agree with plaintiff that the circuit court should have made a final ruling on the offer of proof, it is clear from the record that the trial judge heard nothing during the offer of proof that prompted him to change his mind. The circuit court rejected the offer of proof as the

record does not indicate that the jury received evidence or heard argument based on the offer of proof. For future guidance to the circuit courts, we urge the court to rule on an offer of proof even though a ruling has been made on the same matter via a motion *in limine*. See *Ely v. National Super Markets, Inc.*, 149 Ill. App. 3d 752, 760, 500 N.E.2d 120, 126 (1986).

Finally, plaintiff claims that the circuit court erred in giving defendants' instruction number 5 regarding plaintiff's burden of proof. Specifically, plaintiff claims that the question of whether plaintiff was "lawfully on defendants' property" is a question of law, which should have been determined by the circuit court rather than the jury.

The relevant portion of instruction number 5 is as follows: "The plaintiff has the burden of proving each of the following propositions: First, that the plaintiff was lawfully on the defendants' property ***." The court refused both parties' tendered definitional instructions and gave the following as the court's instruction number 1:

> "When I use the term 'lawfully on the defendants' property' or 'where he may lawfully be', I mean that the plaintiff was in a location that is consistent with the reasonably expected use of that location, even if the plaintiff was not given permission by the defendants to be at that location. In the absence of such permission, a person may lawfully be on the property if he is there for a lawful purpose during daylight hours, he is using a path, walkway, or driveway to gain access, and there is no sign or warning to 'stay off.' Whether the plaintiff was lawfully where she claims to have been attacked by defendants' dog is for you to decide."

We note that plaintiff's counsel withdrew his objection to the court's instruction number 1. An instruction that is not objected to at trial or an issue that is not raised is waived on appeal. See *Konieczny v. Kamin Builders, Inc.*, 304 Ill. App. 3d 131, 136, 709 N.E.2d 695, 699 (1999). We express no view on the propriety of the instruction or the issue framed. This issue is waived.

For all of the foregoing reasons, we affirm the circuit court's judgment.

Affirmed.

CHAPMAN and KUEHN, JJ., concur.