STEVENS v VEENSTRA

Docket No. 187319. Submitted October 8, 1997, at Marquette. Decided
     November 18, 1997, at 9:10 A.M. Leave to appeal sought.
   James Stevens brought an action in the Houghton Circuit Court
        against Aaron S. Veenstra and others, alleging negligence, after
        Veenstra, a minor, while driving an automobile as part of driver's
        education, struck the plaintiff. The court, Garfield W. Hood, J.,
        entered judgment on a jury verdict of no cause of action against
        Veenstra. The plaintiff appealed, claiming that the trial court erred
        in instructing the jury to hold Veenstra to a standard of care
        expected of a reasonably careful minor of the same age, mental
        capacity, and experience rather than that expected of an adult.
          The Court of Appeals held:
          When a minor engages in an adult activity that is dangerous, e.g.,
        driving an automobile, the minor is charged with the same standard
        of care as an adult. Michigan has a longstanding policy of holding
        all drivers, even minors, to an adult standard of care.
          Reversed and remanded for a new trial.

NEGLIGENCE — MINORS — DRIVER'S EDUCATION — ADULT STANDARD OF CARE.
     The negligence of a minor engaged in driver's education is determined
        under the standard of care expected of a reasonably careful adult,
        and not that expected of a reasonably careful minor of the same
        age, mental capacity, and experience.

*Wisti & Jaaskelainen, P.C.* (by *Joon H. Sung* and
*Mark A. Wisti*), for the plaintiff.

*Kendricks Bordeau, P.C.* (by *William R. Smith*),
for the defendant.

Before: MURPHY, P.J., and HOOD and BANDSTRA, JJ.

MURPHY, P.J. Plaintiff appeals as of right from a jury
verdict of no cause of action in favor of defendant.
We reverse and remand.

As a fourteen-year-old, defendant Aaron Veenstra took a driver's education course offered through the Calumet Public School system. Veenstra had skipped four grades in elementary school and graduated from high school early. He was taking driver's education so that he would have transportation to college. Before the driver's education course, Veenstra had never driven an automobile on a public road in a developed area. On the first day of the driving portion of the class, Veenstra stopped the automobile he was driving at an intersection. When the traffic cleared, Veenstra made a right turn. However, Veenstra turned too sharply and headed at plaintiff who was getting out of his parked automobile. Both Veenstra and the driving instructor attempted to turn Veenstra's automobile away from plaintiff. Veenstra testified that as he was heading for plaintiff, he may have hit the accelerator instead of the brake. As a result, Veenstra's automobile struck plaintiff.

At trial, over plaintiff's objection, the trial court gave the following instruction:

> A minor is not held to the same standard of conduct as an adult. When I use the words "ordinary care" with respect to the minor, Aaron S. Veenstra, I mean that degree of care which a reasonably careful minor of age, mental capacity and experience of Aaron S. Veenstra would use under the circumstances which you find existed in this case. It is for you to decide what a reasonably careful minor would do or would not do under such circumstances.[1]

Utilizing this instruction, the jury found that Veenstra was not negligent.

---

[1] This instruction is SJI2d 10.06 titled "Ordinary Care—Minor—Definition."

On appeal, plaintiff claims that the trial court's instruction was improper and mandates reversal. We agree. The determination whether an instruction is accurate and applicable to a case rests within the sound discretion of the trial court. *Luidens v 63rd Dist Court*, 219 Mich App 24, 27; 555 NW2d 709 (1996). There is no error requiring reversal if the theories and applicable law were adequately and fairly presented to the jury. *Id.* In this case, the instruction read by the trial court was not applicable.

Generally, in the context of negligence actions, the capability of minors, seven years of age or older, is not determined on the basis of an adult standard of conduct, but rather is determined on the basis of how a minor of similar age, mental capacity, and experience would conduct himself. See *Fire Ins Exchange v Diehl*, 206 Mich App 108, 119-120; 520 NW2d 675 (1996). However, Michigan "has a longstanding policy of holding all drivers, even minors, to an adult standard of care." *People v Martinez*, 211 Mich App 147, 151; 535 NW2d 236 (1995). A minor who engages in an adult activity that is dangerous, e.g., driving an automobile, is charged with the same standard of conduct as an adult. *Constantino v Wolverine Ins Co*, 407 Mich 896 (1979); *Osner v Boughner*, 180 Mich App 248, 254-255; 446 NW2d 873 (1989).

Plaintiff argued below and argues on appeal that this black-letter law applies to this case and that, although Veenstra was a minor, because he was engaged in the adult activity of driving an automobile, he should be held to the same standard of conduct as an adult.[2] Veenstra and the trial court consider this

---

[2] SJI2d 10.03 titled "Ordinary Care—Adult—Definition" provides:

case to be distinguishable from prior cases holding that minors driving automobiles are held to an adult standard of conduct and call for an exception to that rule. In denying plaintiff's motion for a new trial, the trial court stated that, although driving an automobile is an adult activity, "[d]riving a motor vehicle as a student driver under the supervision of a driver's training teacher during the course of a school driver's training program" is not an adult activity. Veenstra argues that, because he was participating in a minor-oriented driver training program, he was not engaged in an adult activity and attempts to bolster this argument by referring to MCL 257.811(6); MSA 9.2511(6), which states that an operator's license shall not be issued to a person under eighteen years of age unless that person passes a driver's education course.[3] In essence, Veenstra defines the activity he was involved in as not simply driving an automobile, but driving an automobile as part of a driver's education course to satisfy the legislative requirements placed upon those under eighteen years of age seeking to obtain an operator's license, and claims that because he was engaged in an activity, which by definition is limited to minors, he was not engaged in an adult activity and should not be held to an adult standard of conduct. We disagree.

---

When I use the words "ordinary care," I mean the care a reasonably careful person would use under the circumstances which you find existed in this case. The law does not say what a reasonably careful person would do or would not do under such circumstances. That is for you to decide.

[3] Veenstra also cites the related statute MCL 257.303(1)(a); MSA 9.2003(1)(a).

One rationale behind holding a minor driving an automobile to an adult standard of conduct is that, because of the frequency and sometimes catastrophic results of automobile accidents, it would be unfair to the public to permit a minor operating an automobile to observe any standard of care other than that expected of all others operating automobiles. See *Dellwo v Pearson*, 259 Minn 452, 458; 107 NW2d 859 (1961) It would seem illogical to think that the dangers associated with driving are lessened when the activity is undertaken by a minor with little or no experience. While we concede that Veenstra was attempting to satisfy requirements placed only upon minors, we do not think that changes the nature of, or danger associated with, driving an automobile. In our opinion, defendant defines the activity he was engaged in too narrowly. Veenstra was engaged in the adult activity of driving an automobile, and we do not consider the reasons behind his undertaking the activity to justify departure from the general rule that all drivers, even minors, are held to an adult standard of care. The licensing statutes cited by Veenstra are important in determining the qualifications required to drive an automobile, see 2 Restatement Torts, 2d, § 283A, comment c, p 16, and assuring a minimum level of driver competence. We find no authority in these statutes to apply a lesser standard of care to those seeking to satisfy the statutory qualifications and are not persuaded that the policy behind the rule applying an adult standard of care to minors driving automobiles should be set aside under these circumstances. If a lesser standard of care is to be applied to minors in Veenstra's circumstance, it should be imposed by the Legislature. As a result, the trial court

erred in instructing the jury to consider the degree of care that a reasonably careful minor of the same age, mental capacity, and experience as Veenstra would use under the circumstances.

While the process of learning involves unique dangers, for which some allowance may be justified for beginners undertaking some activities, when the probability of, or potential harm associated with, a particular activity is great, anyone engaged in the activity must be held to a certain minimum level of competence, even though that level may lie beyond the capability of a beginner. See 2 Restatement Torts, 2d, § 299, comment d, pp 71-72. In other words, some activities are so dangerous that the risk must be borne by the beginner rather than the innocent victims, and lack of competence is no excuse. *Id.* We believe that driving an automobile is such an activity, and that anyone driving an automobile, regardless of age, must be held to the same standard of competence and conduct.

Reversed and remanded for a new trial. We do not retain jurisdiction.