Hoekstra, J.
 

 Robert B. Nelson (the defendant) appeals of right from a judgment entered in favor of plaintiff following a jury trial in this third-party no-fault insurance action arising from an automobile accident in June 1996. On appeal, defendant alleges that the trial court’s instructions to the jury erroneously stated the law regarding the threshold issue whether plaintiff established “serious impairment of body function.” We agree and, thus, reverse and remand for a new trial.
 

 In this action, plaintiff sought noneconomic damages under the no-fault act, MCL 500.3135(1). Pursuant to MCL 500.3135(1), “[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.” Although defendant admitted negligence, he maintained that plaintiff suffered no threshold injury, and thus was entitled to no relief.
 

 Before the close of evidence in the jury trial, both plaintiff and defendant submitted to the trial corut requested jury instructions. Concerning the threshold determination regarding a serious impairment of a body function, both parties requested that the trial court give the standard instruction found in SJI2d 36.11. Rather than give that instruction to the jury, the trial court presented its own instruction, based on its interpretation of the no-fault act. The trial court instructed the jury, in relevant part, as follows:
 

 
 *645
 
 Now, under our law, a serious impairment of a body function—and I’m going to walk you through each piece of this—means an objectively manifested impairment of an important body function that affects the person’s general ability to lead his or her normal life. There are lots of pieces there.
 

 Serious impairment of a body function means, number one, an objectively manifested impairment, number two, of an important body function, number three, that affects the person’s general ability to lead his or her normal life.
 

 An impairment is simply some limitation, some diminution or some other adverse affect on an important body function.
 

 An impairment is objectively manifested, which the law requires, if that impairment can be verified in some way besides the person who says they have the impairment telling you. It’s not the injury which has to be objectively manifested; it’s the impairment which has to be.
 

 But we’re not talking about it has to show up on an x-ray or cat scan, subject to palpation or sensation by a doctor, although any one of those things will make it an objective manifestation. As long as somebody else can satisfy themselves that the impairment is real by looking, seeing, whether it’s a wince on a person’s face or a slowness in their gait, the inability to do something, simply beyond them telling them, then it can be said to be objectively manifested.
 

 After the trial court finished instructing the jury, plaintiffs counsel indicated satisfaction with the instructions, but defendant’s counsel raised an objection to the instruction pertaining to serious impairment. Defendant’s counsel asked the trial court to instruct the jury, consistent with SJI2d 36.11, that the impairment “must be a medically identifiable injury or condition that has a physical basis.” The trial court responded;
 

 Where in the statute does it say that? I know the instruction says it but not the statute, unless what’s happened is
 
 *646
 
 everyone has jumped to the conclusion the statute reimplemented
 
 Cassidy,
 
 which it never did do at all, and is importing something in that the legislature isn’t talking about. The impairment has to be objective, and you’re saying the injury has to be so, too. If the legislature didn’t say so, why should I?
 

 I frankly have defined serious impairment just as it is in the statute, giving to its words just their ordinary, dictionary definitions. To the extent the standard jury instruction requires a medically identifiable injury, I believe it is in plain error because that is not what the statute requires.
 

 The objective component here must be of the impairment. Maybe the legislature misspoke, but I don’t believe so and, even if I did, it would be judicial error to tell the legislature that they didn’t get it right. It is the impairment which must be objectively manifested, nothing more.
 

 With regard to this medically identifiable injury, the standard jury instruction is, in my opinion, just plain wrong and, therefore, I’m not obligated to give it.
 

 Consequently, the trial court gave no corrective instruction. After deliberations, the jury returned a verdict in plaintiffs favor, finding, among other things, that plaintiff had sustained an injury that meets the threshold for “serious impairment of body function” as defined in the jury instructions. Subsequently, the trial court entered judgment in plaintiffs favor.
 

 Because defendant contested at trial whether plaintiff suffered an objectively manifested impairment, and argued, consistent with the standard instruction, that plaintiffs injuries did not meet the test because they were not medically identifiable, the trial court’s decision regarding the instruction was significant to
 
 *647
 
 defendant. On appeal, defendant challenges the trial court’s instruction as being an incorrect statement of the law and faults the trial court for significantly deviating from the standard instruction.
 
 [1]
 

 With respect to claims of instructional error, this Court recently has stated the standard of review:
 

 On appeal, claims of instructional error are generally reviewed de novo.
 
 Case v Consumers Power Co,
 
 463 Mich 1, 6; 615 NW2d 17 (2000), but see
 
 Hilgendorf v St John Hosp & Medical Center Corp,
 
 245 Mich App 670, 694-695; 630 NW2d 356 (2001). However, in a civil case, when requested by a party, a standard jury instruction must be given if it is applicable and accurately states the law. MCR 2.516(D)(2);
 
 Pontiac School Dist v Miller, Canfield, Paddock & Stone,
 
 221 Mich App 602, 622; 563 NW2d 693 (1997). In that instance, the determination whether an instruction is accurate and applicable based on the characteristics of a case is in the sound discretion of the trial court and is reviewed for an abuse of discretion,
 
 Stevens v Veenstra,
 
 226 Mich App 441, 443; 573 NW2d 341 (1997);
 
 Williams v Coleman,
 
 194 Mich App 606, 623; 488 NW2d 464 (1992), while a determination based on a legal issue is a question of law reviewed de novo,
 
 Hilgendorf, supra
 
 at 694-695.
 
 [Ewing v Detroit,
 
 252 Mich App 149, 173; 651 NW2d 780 (2002).]
 

 “Even if somewhat imperfect, instructions do not create error requiring reversal if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury.”
 
 Case v Consumers Power Co,
 
 463 Mich 1, 6; 615 NW2d 17 (2000). Reversal is not required unless the failure to do so would be inconsistent with substantial justice. MCR 2.613(A);
 
 Case, swpra-, Ewing, supra.
 

 
 *648
 
 In determining whether the trial court in the present case erred in crafting its own instruction concerning “serious impairment of body function” instead of providing the standard jury instruction on this point, we note that the phrase “serious impairment of body function” has a history of jurisprudential significance. Much of the development of this law was set forth in our Supreme Court’s decision in
 
 DiFranco v Pickard,
 
 427 Mich 32, 40-50; 398 NW2d 896 (1986), and need not be repeated at length here, but we begin, in brief, with that history as it relates to the issue presented in this case.
 

 With our Legislature’s adoption of no-fault automobile insurance, Michigan limited the right to recover noneconomic damages for a person injured as a result of a negligent owner or operator of a motor vehicle. To recover, the person must meet the threshold in MCL 500.3135(1), which depicts three different possibilities, including “serious impairment of body function.” Originally, the no-fault act did not define that phrase, and thus the courts of this state endeavored to give structure and meaning to the concept. The two most noteworthy cases that addressed the issue are
 
 Cassidy v McGovern,
 
 415 Mich 483; 330 NW2d 22 (1982), and
 
 DiFranco, supra.
 
 The operative language of
 
 Cassidy
 
 most relevant to the issue presented here was the finding that a claim must be based on “objectively manifested injuries.”
 
 Cassidy, supra
 
 at 505. In
 
 Williams v Payne,
 
 131 Mich App 403, 409; 346 NW2d 564 (1984), this Court interpreted the holding of
 
 Cassidy
 
 to mean that injuries based on subjective statements of pain experienced by the injured person that cannot be medically measured do not meet the threshold, holding the plaintiff to a
 
 *649
 
 “medically measurable” standard. However, our Supreme Court rejected that medical measurement test in
 
 DiFranco, supra
 
 at 40, 74. Instead, the
 
 DiFranco
 
 Court stated that cases based on subjective complaints or the symptoms of injury that are supported by an expert’s diagnosis can support a claim of “serious impairment of body function.”
 
 Id.
 
 at 74-75. According to the
 
 DiFranco
 
 Court, “[t]he ‘serious impairment of body function’ threshold requires the plaintiff to prove that his noneconomic losses arose out of a medically identifiable injury which seriously impaired a body function. The
 
 Cassidy
 
 Court required no more than this.”
 
 Id.
 
 at 75.
 

 In 1995, our Legislature amended the no-fault act and included therein a definition of “serious impairment of body function,” 1995 PA 222, effective March 28, 1996. The relevant subsection, MCL 500.3135(7), states that “[a]s used in this section, ‘serious impairment of body function’ means an objectively manifested impairment of an important body function that affects the person’s general ability to lead his or her normal life.” The standard jury instruction at issue addresses this legislative definition and, as it relates to establishing an impairment, reads: “In order for an impairment to be objectively manifested, there must be a medically identifiable injury or condition that has a physical basis.” SJI2d 36.11. The comments following the text of the instruction explain that “[t]he definition of
 
 objectively manifested
 
 comes from DiFranco.” In
 
 Kern v Blethen-Coluni,
 
 240 Mich App 333, 338, 342; 612 NW2d 838 (2000), this Court observed that our Legislature’s amendment of MCL 500.3135 reflected a return to the standards that
 
 Cas-
 
 
 *650
 

 sidy
 
 articulated. With regard to “serious impairment of body function,” the
 
 Cassidy
 
 Court stated:
 

 Another significant aspect of the phrase “serious impairment of body function” is that it demonstrates the legislative intent to predicate recovery for noneconomic loss on objectively manifested injuries. Recovery for pain and suffering is not predicated on serious pain and suffering, but on injuries that affect the functioning of the body.
 
 [Cassidy, supra
 
 at 505.]
 

 Later, in light of the
 
 Williams
 
 Court’s misinterpretation of
 
 Cassidy,
 
 the
 
 DiFranco
 
 Court clarified its
 
 Cas-sidy
 
 opinion, explaining that “plaintiffs must introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering,” and that “the plaintiff [must] prove that his noneconomic losses arose out of a medically identifiable injury . . . .”
 
 DiFranco, supra
 
 at 74-75.
 

 Here, the trial court refused to give the standard instruction because of its belief that the statutory definition of serious impairment does not require proof of a medically identifiable injury or condition. Rather, it appears from the trial court’s instructions and its response to defendant’s objection that, in its opinion, an impairment can meet the statutory test as long as it “can be verified in some way besides the person who says they have the impairment telling you.” According to the trial court’s instruction, verification may, but need not, be medically confirmed. The trial court felt that “[a]s long as somebody else can satisfy themselves that the impairment is real by looking, seeing, whether it’s a wince on a person’s face or a slowness in their gait, the inability to do something, simply beyond them telling them, then it can be said to be objectively manifested.” As we understand the
 
 *651
 
 trial court’s instruction, the statutory definition does not require expert medical testimony; rather, anyone who observes the plaintiff can verify the existence of an impairment. Further, it seems that the trial court makes a distinction between an impairment and an injury. Focusing on the word impairment, the trial court instructed the jury: “It’s not the injury which has to be objectively manifested; it’s the impairment which has to be.” The trial court defined impairment as “simply some limitation, some diminution or some other adverse affect on an important body function.” Thus, according to the trial court, a plaintiff who is injured in any manner in an automobile accident potentially can establish the “objectively manifested” portion of the statutory definition of “serious impairment of body function” if the plaintiff manifests some observable condition, regardless of whether there is any medical basis for correlating the condition to something that the person experienced as a result of the accident.
 

 The trial court’s instructions concerning “serious impairment of body function” raise two questions for us to address: (1) whether an impairment must be medically identifiable and (2) whether impairment means something other than injury or condition. These questions require statutory interpretation, and when inteipreting statutes, our primary goal is to discern and give effect to the intent of the Legislature.
 
 Sun Valley Foods Co v Ward,
 
 460 Mich 230, 236; 596 NW2d 119 (1999). We begin by examining the statutory language,
 
 id.,
 
 and we must consider the context in which the language is used,
 
 LeRoux v Secretary of State,
 
 465 Mich 594, 616; 640 NW2d 849 (2002). When the Legislature enacts legislation involving an area of
 
 *652
 
 the law where the appellate courts of this state have rendered decisions, the Legislature is presumed to act with knowledge of the courts’ interpretations.
 
 Gordon Sel-Way, Inc v Spence Bros, Inc,
 
 438 Mich 488, 505-506; 475 NW2d 704 (1991);
 
 Daniel v Dep’t of Corrections,
 
 248 Mich App 95, 103-104; 638 NW2d 175 (2001).
 

 The Legislature, in defining “serious impairment of body function,” relied on the terminology that the impairment must be “objectively manifested.” As explained above, that phrase is terminology that our Supreme Court first articulated in
 
 Cassidy
 
 and further refined in
 
 DiFranco.
 
 In the present case, we find that the trial court’s interpretation of the Legislature’s definition is flawed because it fails to acknowledge the judicial precedent for understanding and defining what the Legislature meant by an “objectively manifested impairment.” Both
 
 Cassidy, supra
 
 at 505, and
 
 DiFranco, supra
 
 at 70, contemplated the injury being objectively manifested. In that regard, the
 
 DiFranco
 
 Court explained that a plaintiffs non-economic losses must arise out of a “medically identifiable injury . . .
 
 ."Id.
 
 at 75. The Legislature is presumed to have been aware that our Supreme Court in
 
 DiFranco
 
 construed the phrase “objectively manifested” to require proof that the injury is medically identifiable. The statute itself gives no indication that when incorporating that language the Legislature intended to change the law. We believe that the Legislature’s use of the phrase “objectively manifested” was intended to adopt the meaning of that term as set forth in
 
 Cassidy
 
 and
 
 DiFranco,
 
 and had our Legislature intended a new interpretation, it would have adopted specific language clarifying that intent.
 
 *653
 

 Gordon Sel-Way, supra.
 
 We note that the Legislature, in defining “serious impairment of body function,” also adopted the
 
 Cassidy
 
 Court’s interpretation that the impairment of body function refers to an
 
 important
 
 body function. MCL 500.3135(7);
 
 Cassidy, supra
 
 at 504. In light of the development of the law here and the Legislature’s intent in amending MCL 500.3135 to include a definition of “serious impairment of body function,” we conclude that SJI2d 36.11, which states in pertinent part that “[i]n order for an impairment to be objectively manifested, there must be a medically identifiable injury or condition that has a physical basis,” is an accurate reflection of the law.
 

 To the extent that the trial court relied on the fact that the statute refers to an objectively manifested
 
 impairment
 
 and
 
 Cassidy
 
 and
 
 DiFranco
 
 utilized the phrase objectively manifested in conjunction with
 
 injury,
 
 we find that the distinction does not affect our opinion that the standard instruction accurately states the law. Some dictionaries indicate that “impair” may be synonymous with “injure.” See, e.g.,
 
 Random House Webster’s College Dictionary
 
 (1992). While the term impairment may be distinguishable from an injury or inclusive of more than what is commonly understood to be an injury, the standard jury instruction’s reference to “injury or condition” is consistent with that concept of impairment. Keeping in mind that the purpose of the no-fault act and the Legislature’s limiting of noneconomic damages to severe conditions, including “death, serious impairment of body function, or permanent serious disfigurement,” MCL 500.3135(1), we believe that the trial court’s interpretation ignores what the Legislature intended
 
 *654
 
 in prescribing when noneconomic damages may be recovered. While certainly not as severe as death, nor comparable to a
 
 permanent
 
 serious disfigurement, see
 
 DiFranco, supra
 
 at 60;
 
 Cassidy, supra
 
 at 503, we find meaning in the Legislature’s inclusion of “serious impairment of body function” with these conditions. We believe that SJI2d 36.11 accurately reflects the statutory definition of “objectively manifested impairment” when read in context and considering the intent of the Legislature.
 

 For these reasons, we conclude that the jury was not properly instructed in this case.
 
 [2]
 
 Further, we believe that failure to reverse would be inconsistent with substantial justice.
 

 Reversed and remanded for a new trial. We do not retain jurisdiction.
 

 [1]
 

 On appeal, neither party raised the issue whether the determination of serious impairment of body function should have been decided by the court, rather than a jury, in light of MCL 500.3135(2)(a).
 

 [2]
 

 Having determined that reversal is necessary, we need not reach defendant’s argument concerning the trial court’s instruction regarding insurance.