HILL v HOIG

Docket No. 240553. Submitted September 9, 2003, at Lansing. Decided September 23, 2003, at 9:10 A.M. Leave to appeal sought.

Lillian Hill brought an action in the Sanilac Circuit Court against Donald and Marge Hoig after she was bitten by the defendants' dog. The plaintiff alleged liability under either the dog-bite statute, MCL 287.351, or common-law negligence. The court, Donald A. Teeple, J., denied the defendants' request for a jury instruction that provocation is a complete defense to either claim, and the jury returned a verdict and award of damages for the plaintiff under the common-law negligence claim. The defendants appealed.

The Court of Appeals *held*:

1. No merit lies in the defendants' contention that the dog-bite statute abrogated common-law negligence claims for dog bites. The statute did not supersede or extinguish common-law negligence claims against dog owners.

2. The trial court properly refused to instruct the jury that a finding of provocation would bar the plaintiff's recovery for common-law negligence. While *Grummel v Decker*, 294 Mich 71 (1940), held that provocation was a complete defense to a common-law negligence claim for a dog bite under the doctrine of contributory negligence, Michigan has since adopted the doctrine of comparative negligence. Comparative negligence only serves to reduce the amount of damages a plaintiff may recover to the extent that the plaintiff was negligent, whereas any negligence on the part of the plaintiff would bar recovery under the doctrine of contributory negligence.

Affirmed.

O'CONNELL, J., dissenting, would vacate the trial court judgment and remand for a new trial on the common-law claim, stating that the Supreme Court has not overturned *Grummel* and that the complete defense of provocation remains unaltered despite the adoption of comparative negligence.

NEGLIGENCE — DOG BITES — COMMON LAW — PROVOCATION.

The dog-bite statute did not supersede or extinguish common-law negligence claims against dog owners; provocation is not a com-

plete defense to such negligence actions under the common law (MCL 287.351).

*Hohauser Law Firm* (by *Michael S. Hohauser*) for the plaintiff.

*Stertz & Weaver, P.C.* (by *H. William Stertz, Jr.*), for the defendants.

Before: WHITBECK, C.J., and O'CONNELL and COOPER, JJ.

COOPER, J. Following a jury trial, the trial court awarded plaintiff Lillian Hill $8,000, plus costs, for injuries that she sustained from a poodle dog belonging to defendants Donald and Marge Hoig. Defendant appeals as of right. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff was walking on the sidewalk when she witnessed a truck hit defendants' dog. The dog was lying in the middle of the road and plaintiff decided to move him to safety. In the process of moving the dog, plaintiff sustained a bite on her right hand. Defendants asserted that their dog did not have a history of aggressive behavior or running loose. Plaintiff filed a complaint against defendants alleging liability pursuant to the Michigan dog-bite statute, MCL 287.351, or, in the alternative, common-law negligence.

At trial, defendants requested that the trial court instruct the jury that provocation was a complete defense under both of plaintiff's theories. The trial court denied defendants' request, noting that the case law defendants relied on was decided before Michigan became a comparative negligence state. The trial

court concluded that while provocation was clearly an available defense under the dog-bite statute, it would not serve to bar plaintiff's common-law negligence claim. The jury ultimately denied plaintiff's claim under the dog-bite statute because it determined that defendants' dog was provoked. However, the jury granted plaintiff's common-law negligence claim, finding that defendants' negligence was the proximate cause of plaintiff's injuries. The jury did not find any negligence on the part of plaintiff.

On appeal, defendants argue that the trial court erroneously instructed the jury on common-law negligence where the dog-bite statute abrogates such claims. We disagree. Claims of instructional error are reviewed de novo on appeal. *Cox v Flint Bd of Hosp Managers*, 467 Mich 1, 8; 651 NW2d 356 (2002). However, the trial court's determination that a jury instruction is accurate and applicable to the case is reviewed for an abuse of discretion. *Stevens v Veenstra*, 226 Mich App 441, 443; 573 NW2d 341 (1997). "Jury instructions should include 'all the elements of the plaintiff's claims and should not omit material issues, defenses, or theories if the evidence supports them.' " *Cox, supra* at 8, quoting *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). To the extent this case presents an issue of statutory construction, our review is de novo. *In re RFF*, 242 Mich App 188, 198; 617 NW2d 745 (2000).

Defendants have failed to cite any authority in their appellate brief specifically indicating that the dog-bite statute abrogates recovery under common-law comparative negligence for dog-bite injuries. See *Chapdelaine v Sochocki*, 247 Mich App 167, 174; 635 NW2d 339 (2001). More importantly, when the Supreme

Court interpreted the current dog-bite statute in *Nicholes v Lorenz*, 396 Mich 53, 59; 237 NW2d 468 (1976), it noted that "[t]o provide redress for dog-bite victims, the Legislature by statute *retained the common-law remedy* but in addition enacted the [instant dog-bite] statute . . . ." (emphasis added); see also *Bradacs v Jiacobone*, 244 Mich App 263, 265 n 1; 625 NW2d 108 (2001) (noting that the dog-bite statute did not supersede or extinguish a common-law cause of action against negligent dog owners). Consequently, defendants have failed to establish any error.

Defendants further contend that even if common-law negligence is a viable claim, the trial court erroneously refused to instruct the jury that provocation was a complete defense. Again we disagree.

Defendants' argument at trial revolved around *Grummel v Decker*, 294 Mich 71, 77; 292 NW 562 (1940), which held that "[u]nder the common law, contributory negligence upon the part of the plaintiff is a defense" in a dog-bite case. *Grummel* concluded that any provocation by the plaintiff was therefore a complete defense to a common-law negligence action. *Id.* Since the Supreme Court decided *Grummel*, however, Michigan has replaced the doctrine of contributory negligence with the doctrine of comparative negligence. MCL 600.2959; see also *Placek v Sterling Hts*, 405 Mich 638, 650; 275 NW2d 511 (1979). Comparative negligence only serves to reduce the amount of damages a plaintiff may recover to the extent that the plaintiff was negligent, whereas any negligence on the part of the plaintiff would bar recovery under the doctrine of contributory negligence. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 523; 629 NW2d 384 (2001); *Grummel, supra* at 77. Thus, the trial court

properly refused to instruct the jury that a finding of provocation would bar plaintiff's recovery under the common law.

Affirmed.

WHITBECK, C.J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent. In *Grummel v Decker*, 294 Mich 71, 77; 292 NW 562 (1940), our Supreme Court expressly held that provocation was a complete defense to a common-law dog-bite claim. Our Supreme Court has not overturned *Grummel.* The majority opinion essentially concludes that our state's adoption of comparative fault extinguished the defense of provocation in common-law dog-bite cases. But this analysis overlooks the fact that contributory negligence and provocation are distinct defenses. *VonBehren v Bradley*, 266 Ill App 3d 446, 449-450; 640 NE2d 664 (1994). While contributory negligence eliminates a plaintiff's claim because public policy demands that a plaintiff reasonably act to protect his own safety, provocation eliminates a dog owner's duty to prevent the dog from doing damage. *Id.* at 448-450. So the provocation defense resembles the "open and obvious danger" doctrine and other duty-based defenses that remain unaltered by the adoption of comparative fault. *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379, 403; 491 NW2d 208 (1992); see also *O'Sullivan v Shaw*, 431 Mass 201, 206; 726 NE2d 951 (2000) (listing the authorities and majority jurisdictions that find accordingly).

I again note that our Supreme Court established the defense, so we should resolve any doubt about its continued viability in favor of deference. *Boyd v W G*

*Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993). In my opinion, the trial court erred when it failed to determine initially whether the defense eliminated the common-law claim and later refused to instruct the jury on the defense's applicability. I would vacate the judgment and remand for a new trial on plaintiff's common-law claim.