# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PILAND, Minors.

FOR PUBLICATION
May 15, 2018

No. 340754
Ingham Circuit Court
Family Division
LC No. 17-000591-NA

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*).

I agree with the majority's conclusion that MCL 722.634 of the Child Protection Law (CPL), MCL 722.621 *et seq*, applies in child protective proceedings. I write separately because I disagree that this entitles respondents to a jury instruction on MCL 722.634. I believe that the applicability of that instruction to this case remains in the trial court's discretion. See *Hill v Hoig*, 258 Mich App 538, 540; 672 NW2d 531 (2003).

The parties are contesting whether MCL 722.634 is applicable to their upcoming adjudication trial. Whether jurisdiction is proper will be determined by MCL 712A.2(b), which provides as follows:

> Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

* * *

-1-

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.[1]

MCL 722.634 provides as follows:

A parent or guardian legitimately practicing his religious beliefs who thereby does not provide specified medical treatment for a child, for that reason alone shall not be considered a negligent parent or guardian. This section shall not preclude a court from ordering the provision of medical services or nonmedical remedial services recognized by state law to a child where the child's health requires it nor does it abrogate the responsibility of a person required to report child abuse or neglect.

The majority correctly concludes that MCL 722.634 provides a defense in child protective proceedings based on its use of the term "negligent parent." I would clarify, however, that MCL 722.634 only applies when there is a question of "neglect." Although the CPL does not expressly define "negligent," MCL 722.622 does define "child neglect" to include "negligent treatment, including failure to provide adequate . . . medical care." MCL 722.622(k)(*i*).[2] Further, the dictionary defines "negligent" as "marked by or given to neglect," and the first synonym listed is "neglectful." See *Merriam-Webster Collegiate Dictionary* (11th ed). Therefore, MCL 722.634's reference to "a negligent parent" refers to a parent's act—or acts—of "neglect," which is often at issue in child protective proceedings. Accordingly, I agree with the majority that MCL 722.634 applies to child protective proceedings and, as relevant here, provides a defense to MCL 712A.2(b).

However, this does not necessarily entitle respondents to an instruction on MCL 722.634 in this case. MCL 712A.2(b)(1) differentiates between acts of "neglect" and acts of refusal. Specifically, MCL 712A.2(b)(1) states that a court may take jurisdiction if a parent "neglects *or refuses* to provide proper or necessary . . . medical . . . care." As stated, MCL 722.634's use of the phrase "negligent parent" shows that the Legislature only intended to provide a defense for acts of neglect. Therefore, it is significant that the Legislature differentiates "neglects" and

---

[1] MCL 712A.2(b)(1) will be amended, and effective June 12, 2018, " '[n]eglect' means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602." 2018 PA 58. MCL 722.602(d) defines "neglect" as "harm to a child's health or welfare by a person responsible for the child's health or welfare which occurs through negligent treatment, including the failure to provide adequate food, clothing, shelter, or medical care." MCL 722.602 will also be amended, effective June 12, 2018, but the change in its meaning is not significant to this case. See 2018 PA 60 (among other things, adding "though financially able to do so, or the failure to seek financial or other reasonable means to provide adequate food, clothing, shelter, or medical care" to the definition of "neglect").

[2] Notably, this mirrors the definition of "neglect" that appears by reference in MCL 712A.2(b)(1)(B) effective June 12, 2018.

"refuses"; a parent who "neglects" to provide medical care to his or her child is entitled to a defense under MCL 722.634, whereas a parent who "refuses" to provide medical care is not.

Accordingly, I agree with the majority's conclusion that MCL 722.634 applies in child protective proceedings. However, I would respectfully disagree that "the trial court must instruct the jury" on MCL 722.634. Rather, on remand, I would direct the trial court to decide the applicability of MCL 722.634 to this case based on the evidence at trial.

/s/ Colleen A. O'Brien