*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASMINE HARMON,

       Plaintiff-Appellant,

v

TOMAS JAMES EWING, THOMAS E. MASON
and JULIA LYNN EVERITT,

       Defendants-Appellees.

UNPUBLISHED
June 10, 2021

No. 350857
Calhoun Circuit Court
LC No. 2018-000197-NI

Before: STEPHENS, P.J., and SAWYER and BECKERING, JJ.

STEPHENS, P.J. (*dissenting*).

I respectfully disagree with the majority's assertion that the plaintiff failed to meet the *McCormick* requirement of presenting evidence that she suffered an objectively manifested injury. There is no dispute that the plaintiff was in an automobile accident and sought treatment for complaints of back pain at Detroit Receiving, Oakwood hospital, Northwest Chiropractic Clinic, and Dr. Leana Kart in Atlanta. There exists a dispute regarding whether injury to the back is an injury to an important body function. In this case, the grant of summary disposition was based upon the erroneous conclusion that plaintiff did not present evidence of objective proof of her subjective complaints and whether the injury so manifested had a significant impact on her general abolition to lead her life.

-1-

The majority opinion focuses principally on the alleged failure to provide objective evidence to support the injury. I believe the analysis is made, in part, due to conflation between the weight of evidence rather than the existence of such evidence and is, therefore, erroneous. *Highfield Beach at Lake Michigan v Sanderson*, 331 Mich App 636, 653; 954 NW2d 231 (2020); *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014). There is a void of X-rays, MRI's, and EMG evidence. However, "objective" means that the evidence in support of an injury need only be admissible evidence. While none of the X-rays taken demonstrated a fracture, and there was no MRI support in the record, as early as November 2015 the plaintiff was diagnosed at Receiving Hospital with a rib injury by Dr. Ali Hassan. The objective evidence of injury is found in the December 16, 2016 report of Dr Kart. In that letter, the doctor noted that the plaintiff's injury was supported by findings from several orthopedic tests or maneuvers, for example: Kemp, Bechterew, Braggard, Lindner, and Ely. These tests are generally accepted within the chiropractic community. There are insurance codes for these tests. Chiropractors are compensated for administering these tests. The evidence is admissible in a court of law and subject to vigorous cross-examination as to its weight including queries as to its efficacy. Thus, I contend, plaintiff has met the standard for presenting evidence of an objective manifestation of her injury. *Jackson v Nelson*, 252 Mich App 643, 653; 654 NW2d 604 (2002). I would note that even defendant's independent medical examiner agreed that plaintiff suffered a back injury, albeit one for which that examiner asserted plaintiff had reached her maximal recovery. (Independent Medical Examination (IME) by Dr. Ralph D'Auria, 1/9/17).

The *McCormick* standard for the effect of an objectively manifested injury is usually left for jury evaluation. *Nelson v Dubose*, 291 Mich App 496, 499-500; 806 NW2d 333 (2011). In this case, while the plaintiff continued her cosmetology training, she testified that she had difficulty

standing for extended periods of time.  Standing for extended periods of time is a part of her chosen vocation.  Whether this impediment is compensable should be left to the trier of fact.  I would reverse.

/s/ Cynthia Diane Stephens